**Weltin ASSA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–73764.

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted Aug. 26, 2008.*

Filed Sept. 9, 2008.

Gihan L. Thomas, Law Offices of Gihan L. Thomas, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

MEMORANDUM **

Weltin Assa, a native and citizen of Indonesia, petitions for review of a Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

U.S.C. § 1252. We review for substantial evidence, *see Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

We do not consider Assa's asylum claim because he does not challenge the agency's time-bar finding, which is dispositive. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

■ Substantial evidence supports the agency's determination that the harm Assa suffered did not rise to the level of past persecution. *See Nagoulko,* 333 F.3d at 1016–18. Assuming, without deciding, that the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004), applies to Indonesian Christians and applies in the context of withholding of removal, substantial evidence supports the agency's determination that Assa failed to demonstrate that it was more likely than not he will be persecuted on account of his religion if he returned to Indonesia. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir.2003). Additionally, the record does not compel the conclusion that the religious strife in Indonesia amounts to a pattern or practice of persecution against Christian Indonesians. *See Lolong v. Gonzales,* 484 F.3d 1173, 1181 (9th Cir. 2007) (en banc).

■ Substantial evidence also supports the agency's determination that Assa is not entitled to CAT relief because he has not demonstrated that it is more likely than not that he will be tortured if he returns to Indonesia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**